# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 14-1334 / Michael DuFrayne v. United States IRS |
| **Originating No. & Caption** | 1:13-cv-500-WO-JEP / Michael DuFrayne v. United States IRS |
| **Originating Court/Agency** | USDC, Middle District of North Carolina (from USBC below) |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 60 Days (28 U.S.C. § 2107) | |
| Date of entry of order or judgment appealed | March 5, 2014 | |
| Date notice of appeal or petition for review filed | April 4, 2014 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ⦿ Yes | ○ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ● Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 1:13-cv-500-WO-JEP | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This case arises out of tax disputes between DeCoro USA, Ltd. (the "Debtor") and the Internal Revenue Service (the "IRS") which have spanned nearly the entire history of the Debtor's bankruptcy case.  Specifically, the IRS has asserted certain claims against the Debtor's bankruptcy estate which involve, among other aspects, a complex international transfer pricing analysis and the views of multiple expert witnesses, and the Debtor has asserted certain claims for refund of overpayment of taxes in prior tax years.  While facially those two disputes should not necessarily be interrelated, the IRS made them so by expressly refusing to pay to the Debtor its refund claim during the pendency of the litigation involving the IRS' claims against the bankruptcy estate.  This refusal to pay by the IRS is despite the IRS having taken all other steps necessary to verify and accept the amount of the refund claim. <br><br> (CONT'D - SEE ADDITIONAL ATTACHED PAGE) |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

1. Does the Bankruptcy Court have jurisdiction over the Debtor's Motion for (I) Determination of Tax Refund Claims Pursuant to 11 U.S.C. Section 505(a) and (II) Turnover of Refund Pursuant to 11 U.S.C. Section 542(b), pursuant to 11 U.S.C. § 505(a)(2)(B)(i) as a result of the Debtor properly requesting its tax refund?

2. Does the Bankruptcy Court have jurisdiction over the Debtor's Motion for (I) Determination of Tax Refund Claims Pursuant to 11 U.S.C. Section 505(a) and (II) Turnover of Refund Pursuant to 11 U.S.C. Section 542(b), pursuant to 11 U.S.C. § 505(a)(2)(B)(ii) as a result of a "determination" by a governmental unit of a request for refund made by the Debtor?

3. Does the series of writings and other communications between the Debtor and the Internal Revenue Service (and/or the United States, on behalf of the Internal Revenue Service) constitute an "informal claim" for refund sufficient to confer jurisdiction over the Debtor's Motion for (I) Determination of Tax Refund Claims Pursuant to 11 U.S.C. Section 505(a) and (II) Turnover of Refund Pursuant to 11 U.S.C. Section 542(b) on the Bankruptcy Court?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Internal Revenue Service (represented by U.S. Dept. of Justice) | Adverse Party: U.S. Bankruptcy Administrator for Middle District of North Carolina |
| Attorney: Melissa L. Dickey, Esquire<br>Address: U.S. Dept. of Justice, Tax Division<br>P.O. Box 227<br>Ben Franklin<br>Washington, D.C. 20044 | Attorney: William P. Miller<br>Address: P.O. Box 1828<br>Greensboro, NC  27401 |
| E-mail: melissa.l.dickey@usdoj.gov | E-mail: william_miller@ncmba.uscourts.gov |
| Phone: (202) 616-1920 | Phone: (336) 333-4181 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: Michael DuFrayne, Liquidating Plan Trustee on behalf of DeCoro USA, Ltd.<br><br>Attorney: Stephen M. Packman, Esquire<br>Address: Archer & Greiner, P.C.<br>One Centennial Square<br>Haddonfield, NJ 08033<br><br><br>E-mail: spackman@archerlaw.com<br><br>Phone: (856) 354-3078 | Name: Michael DuFrayne, Liquidating Plan Trustee on behalf of DeCoro USA, Ltd.<br><br>Attorney: Christine L. Myatt<br>Address: Nexsen Pruet, PLLC<br>P. O. Box 3463<br>Greensboro, NC 27408<br><br><br>E-mail: cmyatt@nexsenpruet.com<br><br>Phone: (336) 387-5124 |

| Appellant (continued) | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Christine L. Myatt      **Date:** 4/17/14

**Counsel for:** Michael Dufrayne, Liquidating Trustee o/b/o DeCoro USA, Ltd.

---

**Certificate of Service:** I certify that on _____4/17/14_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Melissa L. Dickey<br>U.S. Dept. of Justice, Tax Division<br>P.O. Box 227<br>Ben Franklin<br>Washington, D.C. 20044 | William P. Miller<br>U.S. Bankruptcy Administrator<br>P.O. Box 1828<br>Greensboro, NC 27401 |
| Signature: /s/ Christine L. Myatt | Date: 4/17/14 |

**(CONTINUATION PAGE)**

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Nature of Case (CONT'D)**

To further complicate matters, the unilateral actions of the IRS have now directly adversely

impacted the Debtor.  At least as early as October 2011, the IRS had advised the Debtor (through its Plan

Trustee), that the Debtor's refund claim of more than $500,000 had been received, properly filed,

reviewed and vetted, accepted, and actually credited to the Debtor's tax account transcripts, with the only

act unperformed being to actually pay the refund monies to the Debtor.  The IRS advised that it had

"frozen" the payment of the refund pending the litigation of the IRS' affirmative claims in the bankruptcy

case.  In other words, *but for the pendency of a prolonged litigation to resolve the IRS' claims, the Debtor*

*would have received its refund claim.*  Notably, that litigation was recently resolved after trial in favor of

the Debtor, with the Bankruptcy Court finding that the IRS had no claim against the Debtor's bankruptcy

estate.

When the Debtor moved, pursuant to 11 U.S.C. § 505 (the "505 Motion"), to request that the

Bankruptcy Court adjudicate the Debtor's refund claim and order the IRS' payment of same to the

Debtor, the IRS for the first time took the position that the Debtor had somehow failed to "properly

request" that refund, and that the Debtor was now precluded from doing so.  By unilaterally depriving the

Debtor's bankruptcy estate of a significant asset which would benefit all creditors, the IRS' sudden about-

face in position is not only in bad faith, but has adversely affected the administration of the Debtor's

estate.  This appeal seeks a reversal of the Bankruptcy Court's determination, which was affirmed by the

District Court, that the Bankruptcy Court lacked jurisdiction over the 505 Motion.

## FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style MICHAEL DUFRAYNE, LIQUIDATING PLAN TRUSTEE ON BEHALF OF DECORO USA, LTD. v.
UNITED STATES INTERNAL REVENUE SERVICE
Dist. Ct. No. 1:13-cv-00500         District USDC North Carolina Middle District
Date Notice of Appeal filed 4-4-14         Court of Appeals No. 14-1334
Name of Court Reporter/Electronic Rec. (use separate form for each reporter) Joseph B. Armstrong
Address of Reporter USDC Middle District, 324 W. Market, Greensboro, NC 27401

Appellant must order any necessary transcript, completing a separate transcript order form (and separate CJA 24 Form) for each reporter and submitting the order to the court reporter and the district court within 14 days of noting the appeal. The completed form must show that necessary financial arrangements have been made or that the original CJA 24 Form has been submitted to the district court clerk. Copies of the transcript order form must be attached to the docketing statement filed in the Court of Appeals and served on opposing counsel within 14 days of docketing of the appeal, or the appeal will be subject to dismissal pursuant to Local Rule 45. If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so. In sentencing appeals, a transcript of the sentencing hearing must be ordered. In Anders appeals, plea (or trial) and sentencing transcript must be ordered. If appellee wishes to obtain a copy of transcript ordered by appellant, appellee must order a copy from the court reporter. In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates. Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A.   This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Failure to specify in adequate detail the proceedings to be transcribed is grounds for dismissal. Specific authorization is required under the CJA for opening and closing statements, voir dire, or jury instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☐ Opening Statement (Plaintiff) | |
| ☐ Opening Statement (Defendant) | |
| ☐ Closing Argument (Plaintiff) | |
| ☐ Closing Argument (Defendant) | |
| ☐ Opinion of Court | |
| ☐ Jury Instructions | |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☐ Pre-Trial Proceedings (specify) | |
| ☐ Testimony (specify) | |
| XX Other (specify) Appellate Hearing from Bankruptcy Court | 2/24/14 |

TOTAL ESTIMATED PAGES _____

B.   I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made.
   ☐ Private funds. (Deposit of $_____ enclosed with court reporter's copy. Check No. _____.)
   ☐ Criminal Justice Act. The original CJA 24 Form has been submitted to the district court clerk and a copy is attached.
   ☐ Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.
   XX Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.
   ☐ Federal Public Defender - no CJA 24 Form necessary.
   ☐ United States appeal - copy of litigation expense form attached, if applicable.

Signature _____         Typed name Douglas G. Leney
Address Archer & Greiner, One Centennial Square, Haddonfield, NJ  08033
Email dleney@archerlaw.com         Telephone No. 856-795-2121
Date Sent to Reporter 4/15/14

CAD
09/28/2012